**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHNSON WIDJAJA, | No. 08-70187 |
| Petitioner, | Agency No. A096-361-968 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 12, 2012[**]
Pasadena, California

Before: KLEINFELD and McKEOWN, Circuit Judges, and QUIST, Senior
District Judge.[***]

Johnson Widjaja, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Gordon J. Quist, Senior District Judge for the U.S.
District Court for Western Michigan, sitting by designation.

immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, Wakkary v. Holder, 558 F.3d 1049, 1056 (9th Cir. 2009), upholding the BIA's determination "unless the evidence compels a reasonable factfinder to reach a contrary result." Husyev v. Mukasey, 528 F.3d 1172, 1182 (9th Cir. 2008). We review de novo claims of due process violations in immigration proceedings. Sandoval-Luna v. Mukasey, 526 F.3d 1243, 1246 (9th Cir. 2008). We dismiss in part and deny in part the petition for review.

## I.

We lack jurisdiction to review the IJ's finding that Widjaja's asylum application is time-barred, because it involves disputed facts. 8 U.S.C. § 1158(a)(2)(B), (a)(3); see also Ramadan v. Gonzales, 479 F.3d 646, 648 (9th Cir. 2007). Widjaja's assertion that the agency violated his due process rights by failing to evaluate the evidence indicating that extraordinary circumstances excused the untimely filing of his asylum application is unsupported by the record.

See Lata v. I.N.S., 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error for petitioner to prevail on a due process claim).

## II.

Substantial evidence supports the BIA's denial of withholding of removal. The evidence that Widjaja offered does not compel a reasonable factfinder to reach the conclusion that he was persecuted on account of his religion or ethnicity. The first two incidents Widjaja reports are similar to those that the court in Wakkary found to be "instances of discriminatory mistreatment" but not persecution. Wakkary v. Holder, 558 F.3d at 1059-60. In the third incident he describes, no one mentioned his religion or ethnicity. He was not injured in the 1998 riots.

Substantial evidence also supports the BIA's determination that Widjaja did not demonstrate an objective fear of future persecution. The evidence does not compel a finding that he was more likely to be targeted than other Chinese people in Indonesia. See Lolong v. Gonzales, 484 F.3d 1173, 1180 n.4 (9th Cir. 2007). Nor does it compel a finding that Widjaja would more likely than not be persecuted

3

if he returned to Indonesia.  8 C.F.R. § 208.16(b)(2); see also Hoxha v. Ashcroft, 319 F.3d 1179, 1185 (9th Cir. 2003).

## III.

Widjaja presented no evidence indicating that he would be tortured if he returned to Indonesia.  8 C.F.R. § 208.16(c)(2); Zheng v. Holder, 644 F.3d 829, 835 (9th Cir. 2011).  He is therefore not eligible for protection under the Convention Against Torture.

The petition for review is **DISMISSED** in part and **DENIED** in part.